**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4106**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ZENOBIA B. PENN, a/k/a Tiny,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge. (CR-01-115-L)

---

Submitted:  May 31, 2005            Decided:  June 21, 2005

---

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Harold I. Glaser, GLASER & SOLOMON, L.L.C., Baltimore, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Zenobia B. Penn appeals her conviction after a jury trial of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). She asserts that the district court erred in denying her motions to suppress evidence and to exclude her grand jury testimony. We have reviewed the parties' briefs, the joint appendix, the transcript of the district court's ruling from the bench, and the court's order denying the motions. Finding no reversible error, we affirm.

With regard to the denial of the motion to suppress, we conclude that the district court did not err. Penn's airport encounter with law enforcement officials did not amount to a seizure under the Fourth Amendment. See Ornelas v. United States, 517 U.S. 690, 699 (1996) (stating standard of review for denial of motion to suppress); Florida v. Bostick, 501 U.S. 429, 436-37 (1991) (providing standard to determine whether police-citizen encounter amounts to seizure); United States v. Weaver, 282 F.3d 302, 309-10 (4th Cir. 2002) (same and setting forth factors to consider). We also agree with the district court that Penn voluntarily consented to a search of her purse and person. See United States v. Mendenhall, 446 U.S. 544, 558 (1980) (finding that courts should consider age, maturity, and intelligence of defendant in determining whether consent to search was voluntary); United

- 2 -

States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (same and noting that "conditions under which the consent to search was given" also relevant).  Nor do we find any abuse of discretion in the district court's denial of Penn's motion to exclude her grand jury testimony.  See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (stating standard of review).

Accordingly, we affirm Penn's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED